Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Burr;<br><br>            Plaintiff,<br><br>v.<br><br>National Credit Adjusters, LLC;<br><br>            Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant National Credit Adjusters, LLC ("National") is a foreign limited liability company, with offices located within the state of Arizona.
7. National collects or attempts to collect debts which it claims to have purchased after default.
8. National is also licensed as a third party collection agency by the Arizona Department of Financial Institutions, license number 0905844.
9. National is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### IV. Factual Allegations

10. On or about May 24, 2015, Plaintiff was offered a payday loan over the internet from Plain Green, LLC.
11. Plain Green is payday lender located outside the state of Arizona.
12. Plain Green offers high interest short-term loans (payday loans) to Arizona consumers over the internet.
13. Plaintiff accepted the Plain Green loan.
14. The proceeds from the Plain Green loan were used primarily for personal, family, or household purposes.
15. Plaintiff subsequently defaulted on his payments to Plain Green on the

account.

16. National claims that it purchased or was assigned the alleged debt for collection purposes.

17. Prior to June 30, 2010, Arizona law allowed consumer lenders to make high interest payday loans with Arizona consumers.

18. However, A.R.S. §§ 6-601 *et seq.* required such consumer lenders to be licensed by the Arizona Department of Financial Institutions.

19. The Arizona law which permitted payday loans expired on June 30, 2010.

20. Any loan made by a consumer lender that is not licensed by the Arizona Department of Financial Institutions, but is required to be, including out-of-state lenders, is void.

21. At the time Plain Green lent money to Plaintiff, Plain Green was a consumer lender who was required to be licensed by the Arizona Department of Financial Institutions, but was not licensed. See A.R.S. §§ 6-601(5) and 6-603(A).

22. Thus, the payday loan issued by Plain Green to Plaintiff is void under A.R.S. § 6-613(B).

23. On September 25, 2015, National sent a collection letter to Plaintiff in an attempt to collect the Plain Green payday loan.

24. At the time it sent the letter, National knew or should have known that the debt it was attempting to collect was void and not collectable under Arizona law.

25. On or about October 1, 2015, Plaintiff mailed National a letter disputing the validity of the Plain Green debt.

26. In Plaintiff's October 1, 2015 letter, Plaintiff also notified National that he refused to pay the alleged debt.

27. Under the FDCPA, 15 U.S.C. § 1692c(c), upon receipt of Plaintiff's letter notifying National that he refused to pay the debt, National was required to cease communication with Plaintiff concerning the collection of the debt.

28. On January 29, 2016, National sent Plaintiff a second collection letter concerning the collection of the Plain Green debt.

29. At the time National sent the January 29, 2016 letter, it knew that Plaintiff had already notified it that the debt was void and that he was refusing to pay the debt.

30. At the time National sent the January 29, 2016 letter, the alleged debt was void and uncollectible under Arizona law.

31. At the time National sent the January 29, 2016 letter, National knew that the debt was void under Arizona law.

32. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages.

## V. CAUSES OF ACTION

### a. FIRST CLAIM FOR RELIEF

**(Violation of FDCPA)**

33. Plaintiff incorporates by reference paragraphs 1 though 32.

34. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

35. As a direct result and proximate cause of Defendant's actions in viola-

1  tion of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a) Actual damages to be determined by the jury;

b) Statutory damages to be determined by the jury;

c) Attorney's fees;

d) Costs and expenses incurred in this action; and

e) Such other relief as may be just and proper.

DATED  April 20, 2016  .

    s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff